UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE JEFFERSON COUNTY BOARD OF EDUCATION, | }<br>}<br>} |
| Plaintiff, | }<br>} |
| | } Case No.: 2:14-cv-1064-MHH |
| v. | }<br>} |
| BRYAN M. AND DARCY M., individually and as parents, guardians, next friends and legal representatives of R.M., a minor, | }<br>}<br>}<br>}<br>} |
| Defendants. | |

**MEMORANDUM OPINION**

**I.     Introduction and Factual Background**

This case is an appeal from an administrative due process hearing conducted under the Individuals with Disabilities Education Act ("IDEA"). Bryan M. and Darcy M. initiated the administrative proceeding against the Jefferson County Board of Education under 20 U.S.C. § 1415. (Doc. 1, p. 2). Bryan and Darcy allege that the Board failed to design and implement an individualized education plan (an IEP) for their son, R.M., consistent with the requirements of the IDEA. (Doc. 1, pp. 2–3). The administrative hearing concerning the IDEA petition focused primarily on R.M.'s school assignment and the implementation of his IEP. (Doc. 1, pp. 3–4).

The order and opinion that the hearing officer entered on April 5, 2014 included findings partially adverse to the Board. (Doc. 16-15, pp. 69–71). The Board filed a complaint in this Court on June 5, 2014, challenging the hearing officer's decision. The Board contends that the hearing officer misapplied the governing law and ignored or failed to properly credit the evidence in the administrative record. (Doc. 1, pp. 6–7). The Board also contends that the Eleventh Amendment immunizes the Board from due process hearings and other actions, and 20 U.S.C. § 1415 violates the United States Constitution.

R.M.'s parents answered the complaint and filed a counterclaim. (Doc. 9). R.M.'s parents seek attorneys' fees under 20 U.S.C. § 1415 and other relief. (Doc. 9, pp. 26–27). The Board filed a motion to dismiss the counterclaim. In that motion, the Board argues that the Eleventh Amendment gives the Board immunity from the counterclaim because the Board is an arm of the state. (Doc. 15). This opinion concerns the Board's motion to dismiss. For the reasons discussed below, the Court denies the motion.

## II. Standard of Review

"Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued." *Pellitteri v. Prine*, 776 F.3d 777, 779 (11th Cir. 2015) (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc)). Eleventh Amendment immunity does not extend to

"counties, municipal corporations, or similar political subdivisions of the state." *Lightfoot v. Henry Cnty. Sch. Dist.*, 771 F.3d 764, 768 (11th Cir. 2014). To determine for purposes of Eleventh Amendment immunity whether an entity, like a school district, was acting as an arm of the state or a political subdivision, a court must examine "the particular function in which [the school district] was engaged when taking the actions out of which liability is asserted to arise." *Lightfoot*, 771 F.3d at 768 (quoting *Manders*, 338 F.3d at 1308); *see also Stewart v. Baldwin Cnty. Bd. of Educ.*, 908 F.2d 1499, 1509 (11th Cir. 1990) ("Whether a local school board is protected by Eleventh Amendment immunity . . . turns on the question of whether the board is properly classified as an 'arm of the state' or as a 'municipal corporation or other political subdivision.'") (quoting *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). "As the governmental entity invoking the Eleventh Amendment, the [Board] bears the burden of demonstrating that it qualifie[s] as an arm of the state entitled to share in its immunity." *Haven v. Bd. of Trustees of Three Rivers Reg'l Library Sys.*, No. 15-11064, 2015 WL 5040174, at *4 (11th Cir. Aug. 27, 2015) (internal quotation marks omitted).

### III.   Discussion

The Board argues that it is entitled to Eleventh Amendment immunity with respect to Bryan and Darcy's counterclaim because the Board is either an "arm of the state" or at least performs a "state function." (Doc. 15, pp. 1–3). Based on this

immunity defense, the Board asks the Court to dismiss Bryan and Darcy's counterclaim and to invalidate the judgment of the hearing officer.[1]  (Doc. 15, pp. 7–8).  The Board acknowledges that the IDEA contains a clause that abrogates state sovereign immunity, but the Board argues that that provision "speaks only to [suits in] *federal court* and says nothing about [] due process [hearings]," and the Board contends that the IDEA is unconstitutional.  (Doc. 15, p. 10) (emphasis in original).  R.M.'s parents respond that the Board failed to raise the immunity argument at the due process hearing, and the Board waived Eleventh Amendment immunity, if it is an available defense, by bringing this case in federal court.

The Court does not have to reach the parties' arguments because the Jefferson County Board of Education is not an "arm of the state," and thus it is not entitled to sovereign immunity.  The Court analyzes three factors to determine if an entity is an "arm of the state": (1) how state law identifies the entity; (2) the degree of state control over the entity; and (3) the entity's fiscal autonomy.  *Stewart*, 908 F.2d at 1509.  "[T]he third *Stewart* factor . . . has now been subdivided into a third factor (where the entity derives its funds) and a fourth factor (who is responsible for judgments against the entity)."  *Walker v. Jefferson Cnty. Bd. of Educ.*, 771 F.3d 748, 752–53 (11th Cir. 2014).  The Court must assess "[w]hether [an entity] is

---

[1] The Board raised the immunity defense below, (Doc. 16-17, p. 27), but the hearing officer did not rule on the constitutional argument. (Doc. 16-15, p. 72).

an 'arm of the state'" based on "the particular function in which the [entity] was engaged when taking the actions out of which liability is asserted to arise." *Manders*, 338 F.3d at 1308.

In *Stewart*, the Eleventh Circuit affirmed a district court's refusal of sovereign immunity for a local school board in Alabama in a § 1983 retaliatory termination action. 908 F.2d at 1499. Relying on the Supreme Court's decision in *Mt. Healthy*, the Eleventh Circuit found that under Alabama law, a local school board is more like a county or a city than a state. *Id.* at 1509–10 (quoting *Mt. Healthy*, 429 U.S. at 280–81).[2] The Eleventh Circuit also found that the school board had "a substantial amount of control over their own affairs," including the "power to establish general education policy for the schools." *Id.* at 1510–11. Finally, the Eleventh Circuit found that the local board had "a degree of fiscal autonomy comparable to that of the school boards at issue" in other cases in which courts had denied sovereign immunity. *Id.* at 1510 (citations omitted). That fiscal autonomy included "a significant amount of flexibility in raising local funds." *Id.* The Eleventh Circuit noted that many Alabama district courts have held that local

---

[2] The Eleventh Circuit recognized that "Alabama state courts provide county boards of education with sovereign immunity in state tort law actions," but "that does not require a similar treatment under the Eleventh Amendment." *Stewart*, 908 F.2d at 1510 n.6. The Eleventh Circuit observed that when the United States Supreme Court decided *Mt. Healthy*, "the case law in Ohio was clear that a local school board was cloaked in sovereign immunity to the same degree as the state itself from suits arising in tort." *Id.* (citations omitted).

school boards are not arms of the state for the purposes of sovereign immunity. *Id.* at 1511 (citations omitted).

Shortly after the parties briefed the Board's motion to dismiss, a panel of the Eleventh Circuit issued its decision in *Walker v. Jefferson County Board of Ed.*, 771 F.3d 748 (11th Cir. 2014). Applying the expanded *Stewart* four-factor test, the *Walker* court held that the Jefferson County Board of Education was not an "arm of the state" and thus not entitled to Eleventh Amendment immunity in the context of employment decisions. 771 F.3d at 757. The panel relied heavily on *Ex parte Madison Cnty. Bd. of Educ.*, 1 So. 3d 980 (Ala. 2008), a decision in which the Alabama Supreme Court held that a local school board is "not an arm of the [s]tate for the purposes of § 1983 liability." 1 So. 3d at 989–90.

With guidance from *Walker* and *Stewart*, this Court must determine whether the Board is an arm of the state with respect to "the particular function" that the Board performed in regard to R.M. *Manders*, 338 F.3d at 1308.

### A. Sovereign Immunity and the IDEA

The IDEA was enacted in part "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). In pursuit of this goal, the IDEA makes federal financial assistance

available to states that comply with the provisions of the IDEA and "confers upon disabled students an enforceable substantive right to public education in participating States." *Honig v. Doe*, 484 U.S. 305, 310 (1988).[3]

When a child has been identified as disabled, "[a] team that includes, at a minimum, the parents of the child, one regular-education teacher of the child, one special-education teacher of the child, and a representative of the local educational agency develops" an IEP to serve the child's needs. *Draper v. Atlanta Indep. Sch. Sys.*, 518 F.3d 1275, 1280 (11th Cir. 2008). An IEP may include "a behavior intervention plan or a behavior modification plan" if behavioral issues threaten to interfere with the education of a disabled student or the education of fellow students. *Barnett v. Baldwin Cnty. Bd. of Educ.*, 60 F. Supp. 3d 1216, 1227 (S.D. Ala. 2014).

To the extent that it provides a means for enforcing certain federal constitutional and statutory rights, the IDEA parallels 42 U.S.C. § 1983. The substantial overlap between the IDEA and § 1983 in the educational arena prompted the Supreme Court to find that a previous version of the IDEA, the EHA, was "the exclusive avenue through which a plaintiff may assert an equal protection claim to a publicly financed special education." *Smith v. Robinson*, 468 U.S. 992,

---

[3] *Honig* concerns the Education of the Handicapped Act ("EHA"), "the materially similar predecessor statute to the IDEA." *K.A. ex rel. F.A. v. Fulton Cnty. Sch. Dist.*, 741 F.3d 1195, 1200 (11th Cir. 2013).

1009 (1984) (holding that § 1983 and other federal claims were precluded by the comprehensive remedial scheme of the EHA), *superseded by statute*, Pub. L. No. 99–372, 100 Stat 796, *as recognized in Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 235 (1995). Dissatisfied with the result in *Smith*, Congress amended the IDEA to clarify that the statute does not "restrict or limit the rights, procedures, and remedies available under the Constitution . . . or other Federal laws protecting the rights of children with disabilities," so long as the IDEA's administrative exhaustion requirement is met. Pub. L. No. 99–372, 100 Stat 796 (codified as amended at 20 U.S.C. § 1415(l)). Congress also added a section, similar to 42 U.S.C. § 1988, providing for the award of attorneys' fees to the prevailing party in an action under the IDEA. *Id.*[4] The Eleventh Circuit has held that the amendment to the IDEA dictates that violations of the IDEA may not be pursued under § 1983, but § 1983 may be available to enforce related rights "conferred by the Constitution or other federal laws." *K.A. ex rel. F.A. v. Fulton Cnty. Sch. Dist.*, 741 F.3d 1195, 1210 (11th Cir. 2013). In other words, claims that arise under the Constitution or other federal statutes—but which could be pursued under the IDEA—need not be pursued as IDEA claims. In contrast, claims alleging violation of the IDEA itself must be brought under the IDEA's remedial framework.

---

[4] This section forms the basis of Bryan and Darcy's counterclaim. (*See* Doc. 9, p. 25).

*Stewart* and *Walker* establish that for purposes of employment suits under § 1983, local school boards are not arms of the state. Given the nature of the IDEA and the strong similarities between the IDEA and § 1983, the reasoning of those cases applies when students' substantive rights under the IDEA are at issue. Beginning with the first *Stewart* factor, Alabama law characterizes local school boards in the same way for purposes of the IDEA and § 1983. From either perspective, local school boards function as largely self-contained entities. *See Walker*, 771 F.3d at 755. Voters in each county determine the composition of the local school board, and "a school board determines its own educational policy and prescribes rules and regulations for the schools in its jurisdiction." *Id.* Thus, this factor weighs in favor of denying school boards sovereign immunity to suits brought under § 1983 and under the IDEA.

In discussing the second *Stewart* factor, the degree of state control over the entity, *Walker* focused on the local school board's ability to make employment-related decisions. *Id.* at 756. This portion of the *Walker* analysis is relatively inapposite to the IDEA, but the Supreme Court has filled the gap. While noting the significant role that states play in administering the IDEA, the Supreme Court describes the "core of the statute [as] the cooperative process that it establishes between parents and schools." *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 53 (2005). Moreover, the "central vehicle" for the collaboration between parents and

9

schools is the development of an IEP.  *Id.*  Because the IDEA mandates local—even family-level—decision-making, and because this highly individualized decision-making process forms the basis of Bryan and Darcy's counterclaim, the second *Stewart* factor weighs strongly in favor of finding that the Board is not an arm of the state.

*Walker* frames the fiscal autonomy of local school boards in terms of "where the board of education derives its funds and who is responsible for judgments against the board," but largely fails to address the issue.  *Walker*, 771 F.3d at 756.  *Stewart*, however, found that "[c]ounty school boards in Alabama possess a significant amount of flexibility in raising local funding" and that "it cannot be said that a judgment against a county school board will come from state funds."  *Stewart*, 908 F.2d at 1510–11.  The Board has offered no reason to believe that a judgment for attorneys' fees under the IDEA would be satisfied from funds other than those used to satisfy a judgment in an employment action under § 1983.  Therefore, these factors, like the other *Stewart* factors, weigh in favor of finding that the Board is not an arm of the state for purposes of Eleventh Amendment immunity from suit under the IDEA.

## IV.   Conclusion

The Jefferson County Board of Education is not an arm of the state, and therefore it is not entitled to sovereign immunity under the Eleventh Amendment

for purposes of this IDEA proceeding.  The Court DENIES the Board's motion to dismiss Bryan and Darcy's counterclaim.  (Doc. 12).

**DONE** and **ORDERED** this September 21, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE